1 | **McGuireWoods LLP**
2 | Sabrina A. Beldner (SBN 221918)
  | sbeldner@mcguirewoods.com
3 | Selwyn Chu (SBN 285568)
4 | schu@mcguirewoods.com
  | 1800 Century Park East, 8th Floor
5 | Los Angeles, California 90067
6 | Telephone: (310) 315-8200
  | Facsimile: (310) 315-8210
7 |
8 | Attorneys for Defendant
  | GENPACT LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASSY RUEWELER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENPACT, LLC; a New York Limited Liability Company; ANTARA CHATTERJEE, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. 24STCV07966]<br><br>**DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)** |

200392595.4

1

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **CENTRAL DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE that Defendant Genpact LLC ("Genpact"), by and

4  through its counsel, without waiver or limitation of any defenses or rights, which are

5  fully and expressly reserved, hereby removes the above-captioned action from the

6  Superior Court of the State of California for the County of Los Angeles (the "State

7  Court"), where the action is currently pending, to the United States District Court

8  for the Central District of California on the grounds that this Court has jurisdiction

9  over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and all other applicable

10  bases for removal. In support of this Notice of Removal (the "Notice"), Genpact

11  avers as follows:

12  **<u>PLEADING AND PROCEDURES</u>**

13       1.    On March 28, 2024, Plaintiff Tassy Rueweler ("Plaintiff") filed a civil

14  complaint (the "Complaint") in State Court commencing this action against Genpact,

15  Antara Chatterjee ("Chatterjee"), and Does 1 through 20 (collectively,

16  "Defendants"), which action is styled *Tassy Rueweler, an individual v. Genpact*

17  *LLC, a New York Limited Liability Company, Antara Chatterjee, an individual, and*

18  *Does 1 through 20, inclusive*, Case No. 24STCV07966 (the "State Court Action").

19  A true and correct copy of the Complaint is attached to this Notice as **Exhibit A**.

20       2.    Genpact was served with a copy of the Summons and Complaint on

21  April 9, 2024. A true and correct copy of the Summons served on Genpact is attached

22  as **Exhibit B**. As of the date of this Notice, Chatterjee has not been served.

23       3.    The following additional documents are also on file in the State Court

24  Action. They are attached as the exhibits identified below:

| **<u>Exhibit</u>** | **<u>Description</u>** |
| :---: | :---: |
| **C** | Civil Case Cover Sheet |

| D | Alternative Dispute Resolution (ADR) Information Packet |
|---|---|
| E | Notice of Case Assignment – Unlimited Civil Case |
| F | Notice of August 5, 2024 Case Management Conference |
| G | Plaintiff's Proof of Personal Service [of Summons as to Genpact LLC] |
| H | Defendants' Notice to State Court and Adverse Parties of Removal of Civil Action to the United States District Court for the Central District of California |
| I | Certificate of Mailing for Court Order re Notice of Removal to Federal Court |
| J | Court Order re Notice of Removal to Federal Court |
| K | Notice of Remand from Federal Court |
| L | Non-Appearance Case Review re Joint Stipulation and Protective Order |
| M | Certificate of Mailing for Non-Appearance Case Review re Joint Stipulation and Protective Order |
| N | Notice of Appearance of Rachel Kermani for Defendant Genpact LLC |
| O | Application of Adam T. Simons to Be Admitted Pro Hac Vice to Appear as Counsel for Defendant Genpact LLC |
| P | Notice of November 6, 2024 Case Management Conference |
| Q | Plaintiff's Case Management Statement |

200392595.4

3

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

| R | Plaintiff's Notice of Posting of Jury Fees |
|---|---|
| S | Defendant Genpact LLC's Case Management Statement filed October 22, 2024 |
| T | Defendant Genpact LLC's Notice of Remote Appearance |
| U | Notice re Continuance of Hearing and Order |
| V | Minute Order re Application to Be Admitted Pro Hac Vice and Case Management Conference |
| W | Plaintiff's Notice of Court Order |
| X | Defendant Genpact LLC's Notice of Ruling re Motion of Adam T. Simons to Be Admitted Pro Hac Vice |
| Y | Defendant Genpact LLC's Case Management Statement filed February 4, 2025 |
| Z | Plaintiff's Case Management Statement filed February 6, 2025 |

4.     On May 22, 2024, Genpact filed an Answer to the Complaint. A true and correct copy of Genpact's Answer is attached as **Exhibit AA**.

5.     The aforementioned documents and exhibits constitute all process, pleadings, and orders on file in the State Court Action.

6.     Pursuant to 28 U.S.C. § 1446(b)(2), all defendants who have been properly joined and served must join in or consent to the removal of the action. Genpact is the only defendant that has been served and Genpact, through undersigned counsel, consents to removal. To date, Codefendant Chatterjee has not been served. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) (codefendants not properly served need not join in removal).

200392595.4

4

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

7.    Genpact is informed and believes that there has been no service of process on Defendants Does 1 through 20, who are fictitious defendants and therefore properly disregarded for purposes of this removal. *See* 28 U.S.C § 1441(a).

8.    As required by 28 U.S.C. § 1441, Genpact seeks to remove this case to the United States District Court for the Central District of California, which is the district court embracing the place where the State Court Action was filed and is currently pending.

9.    In accordance with 28 U.S.C. § 1446(d), Genpact will provide contemporaneous written notice of this Notice to all adverse parties and to the clerk of the State Court.

10.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(a), 1441, and all other applicable bases for removal.

## TIMELINESS OF REMOVAL

11.    This action was previously removed to this Court as case number 24-cv-03841-PA-AGR and thereafter remanded because of Defendants' inability at the time to adequately allege Plaintiff's domicile and citizenship; in the words of this Court, "Defendants failed to establish Plaintiff's domiciliary intent"—that is, Plaintiff's intent to remain in California indefinitely. *See* 24-cv-03841-PA-AGR, Document 9. Genpact has since, for the first time, acquired from Plaintiff's deposition on January 16, 2025 information that permits Genpact, now, to affirmatively and without qualification state facts that demonstrate Plaintiff is domiciled in, and is a citizen of, the state of California, and has a present intention of remaining in California indefinitely, thereby establishing for the first time her citizenship in the state of California and the complete diversity of the parties. Consequently, this second removal is based on a different factual ground than the first and is therefore proper. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (earlier remand did not bar removal where second notice of removal asserted diversity of citizenship based on *newly acquired facts* from plaintiff's

1    deposition).

2        12.    Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed

3    within thirty days after the receipt by the defendant, through service or otherwise, of

4    a copy of the initial pleading setting forth the claim upon which such action or

5    proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the

6    initial pleading is not removable, a notice of removal may be filed within 30 days

7    after receipt by the defendant, through service or otherwise, of a copy of an amended

8    pleading, motion, order or other paper from which it may first be ascertained that the

9    case is one which is or has become removable." *Id.*, § 1446(b)(3).

10        13.    To have triggered the 30-day removal period, the facts supporting

11    removal must have been evident on the face of the complaint. *Harris v. Bankers Life*

12    *& Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Notice of removability is determined

13    by the "four corners of the applicable pleadings, not through subjective knowledge

14    or a duty to make further inquiry." *Id.* Grounds for removal must be "unequivocally

15    clear and certain" to start the 30-day removal period running. *Dietrich v. Boeing Co.*,

16    14 F.4th 1089, 1095 (9th Cir. 2021).

17        14.    Here, the "case stated by the initial pleading" was not removable. The

18    Complaint does not, on its face, disclose unequivocally clear and certain grounds for

19    removal based on diversity. Specifically, the Complaint does not disclose Plaintiff's

20    citizenship, pleading only that Plaintiff "resided and worked from within the County

21    of Los Angeles" while employed by Genpact. Exhibit ("Exh.") A (Complaint), ¶ 2;

22    *see Harris*, 425 F.3d at 695–696 (state court complaint that alleges parties' residence

23    but not their domicile or citizenship is not removable on the ground of diversity,

24    regardless of possible "clues" to their citizenship.). It was not until January 23, 2025,

25    when Genpact received the transcript of Plaintiff's January 16, 2025 deposition, that

26    Genpact had a "paper" giving it notice of Plaintiff's domiciliary intent to remain in

27    California indefinitely, thus establishing her California domicile and citizenship and

28    resulting in the complete diversity of the parties. This Notice is filed within 30 days

of Genpact receiving such paper.

15.    In any event, pursuant to 28 U.S.C. § 1446(c)(1), removal based on diversity generally must be effected within one year after the action is filed. As set forth in paragraph 2, *supra*, this action was filed on March 28, 2024. Thus, this Notice is filed within one year after the action is filed.

16.    Therefore, the removal of this action to this Court is timely under 28 U.S.C. § 1446(b) and (c).

## REMOVAL JURISDICTION – DIVERSITY

17.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and this action is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) and (b) because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

18.    **Plaintiff's Citizenship**. To be a citizen of a state for purposes of diversity jurisdiction, a natural person must first be a citizen of the United States; the natural person's state citizenship is then determined by her state of domicile, not her state of residence. 28 U.S.C. § 1332(a)(1); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857 (internal citation omitted).

19.    During her deposition, Plaintiff testified that she is, and for her entire life has been, a citizen of the United States and a resident of the state of California, and from this testimony, Genpact was able for the first time to establish facts demonstrating Plaintiff's intent to remain in California indefinitely. Specifically, Plaintiff was born in California and has never resided or owned property in another state. She jointly owns and lives in a home in California with her spouse and two of

her stepchildren, whom the couple is raising and schooling in California. At various times in the past six years, her adult daughter and granddaughter have also lived with her in California. She has maintained the same California address for six years. She carries, and has always carried, only a California driver license. She is registered to vote in California and has only ever been registered to vote in California and no other state. She has received California state disability benefits since July or August of 2024 and is approved to continue receiving them through at least March 2025. Since her separation from Genpact in December 2024, she has exclusively sought and applied for jobs within California or jobs that she could work remotely from her home in California. Plaintiff testified that she has no intention of relocating to a different state and, since her separation, has taken no steps to relocate to a different state. She fully intends to remain in California, therefore California is her domicile.[1] *Id.* Accordingly, Plaintiff is a citizen of the state of California for purposes of diversity jurisdiction.

20.  **Defendants' Citizenship**. Genpact is, and at the time of this action's filing was, a wholly owned subsidiary of Genpact USA, Inc., which is incorporated in Delaware and has its principal place of business in New York; thus, Genpact is a citizen of the states of Delaware and New York. *See* 28 U.S.C. § 1332(c) (a corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) ("…LLCs have the citizenship of all of their owners/members….").

21.  Antara Chatterjee resides and is domiciled in Bucharest, Romania. As

---

[1] Moreover, Plaintiff has no intention to move to either New York or Delaware, the states of which Genpact is a citizen, *see* paragraph 20, *infra*; thus, even if Plaintiff were to attempt to establish an intent to leave California, her domiciliary intent in any of the other 47 states would not destroy diversity of citizenship.

1  such, she is a citizen of Romania and, as a citizen of Romania, she is a "citizen of a

2  foreign state" within the meaning of 28 U.S.C. § 1332(a)(2).

3      22.    Neither Genpact nor Chatterjee is a citizen of the state of California.

4      23.    **Doe Defendants**. Defendants Does 1 through 20 are fictitious

5  defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C.

6  § 1441(a).

7      24.    Accordingly, there is complete diversity between Plaintiff, on the one

8  hand, and Defendants, on the other hand.

9                           **AMOUNT IN CONTROVERSY**

10      25.    An action may be removed to and remain in federal court if the

11  defendant establishes, by a preponderance of the evidence, that the aggregate amount

12  in controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow*

13  *Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin*

14  *Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).[2] To satisfy the

15  preponderance of the evidence test, a defendant must demonstrate that "it is more

16  likely than not" that the amount in controversy is satisfied. *See Sanchez v.*

17  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). However, evidentiary

18  submissions are **<u>not</u>** required ***at the time of removal***. *See Arias v. Residence Inn by*

19  *Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (holding that defendant need not prove

20  the amount in controversy in notice of removal). "Instead, evidence showing the

21  amount in controversy is required '*only when* the plaintiff contests, or the court

22  questions, the defendant's allegation.'" *Id.* (emphasis added).

23      26.    Indeed, when a defendant seeks to remove an action to federal court on

24  grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation

25  ─────────────────

26      [2] *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir.

27  2019) ("A district court may not remand the case back to state court without first
giving the defendant an opportunity to show by a preponderance of the evidence that

28  the jurisdictional requirements are satisfied.").

200392595.4

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Arias*, 936 F.3d at 927 ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"). At the time of removal, the removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and does not require the defendant to do extensive research or prove the plaintiff's damages. *See, e.g.*, *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.

27.    A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In determining whether the amount in controversy exceeds $75,000, the court must presume that the plaintiff will prevail on each claim asserted in her complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry asks what amount is put "in controversy" by the operative complaint—not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").[3] If necessary, the

---

[3] *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy'…for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of*

court may also look beyond the complaint to determine whether the amount in controversy is met. *See Abrego*, 443 F.3d at 690. Thus, "[i]n determining the amount in controversy, the district court [may] properly consider[] [a plaintiff]'s interrogatory answers…." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).

28. The amount in controversy may include general and special compensatory damages. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Further, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske*, 432 F.3d at 980; *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emphasis added); *see also Chavez*, 888 F.3d at 414–415 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious.") (emphasis added). The amount in controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske,* 432 F.3d at 980.

_____

*Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

200392595.4

11

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

1  ### *Plaintiff's Discovery Responses Allege Damages in Excess of $75,000*

2       29.    In response to special interrogatories propounded by Genpact, Plaintiff

3  described her alleged damages as follows:

4         Loss as of August 30, 2024, equals approximately $60,709.42

5  ($1,634.61/week [based on a $85,000 annual salary] x 37.14 weeks of

6  accruing losses).

7         Plaintiff also lost benefits of employment in an amount to be

8  calculated upon receipt of further information, discovery, and expert

9  testimony.

10         Plaintiff has and will suffer general damages and pain and

11  suffering in an amount to be determined by the trier of fact.

12  Based on this response, Plaintiff's backpay damages *alone* were more than $60,000

13  as of August 30, 2024 *and were continuing to accrue*. Since then, 23 weeks have

14  elapsed such that, pursuant to her own calculation figures, Plaintiff's alleged accrued

15  backpay damages are now **$98,305.45** ($60,709.42 + ($1,634.61/week × 23 weeks)),

16  which is well in excess of the $75,000 jurisdictional threshold and does not even

17  include the value of Plaintiff's lost employment benefits and emotional distress.

18  ### *Plaintiff's Complaint Alleges Damages in Excess of $75,000*

19       30.    If that were not enough (and it certainly should be), Plaintiff's

20  Complaint asserts claims for: (1) sexual orientation discrimination in violation of

21  Cal. Gov. Code § 12940(a); (2) failure to take reasonable steps to prevent

22  discrimination in violation of Cal. Gov. Code § 12940(k); (3) retaliation in violation

23  of Cal. Gov. Code § 12940(h); (4) harassment in violation of Cal. Gov. Code §

24  12940(k) and (5) wrongful termination in violation of public policy. Exh. A

25  (Complaint).

26       31.    Although Plaintiff does not allege a specific dollar amount that she

27  seeks to recover in connection with her claims, she asserts that the amount in

28  controversy exceeds $35,000 and the Complaint expressly seeks, among other relief:

a.    "economic damages" which include "lost earnings, wages, and benefits in an amount to be proven at trial," *id.*, ¶¶ 17, 23, 29, 38, and 46, and at p. 9;

b.    "general damages" and "compensatory damages," which include "pain and suffering, humiliation, embarrassment, mortification, and emotional distress, all in an amount to be proven at trial," *id.*, ¶¶ 18, 23, 29, 39, and 47, and at p. 9;

c.    "attorneys' fees and costs," *id.*, ¶¶ 19, 25, 31, and 40, and at p. 10;

d.    "pre-judgment interest," *id.* at p. 10; and

e.    "punitive" or "exemplary damages." *id.*, ¶¶ 20, 24, 30, 41, and 48, and at p. 10.

32.    As discussed, Genpact may remove this action to federal court notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy. To that end, this Notice need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89; *see Arias*, 936 F.3d at 925 ("[A] notice of removal 'need not contain evidentiary submissions.' Instead, evidence showing the amount in controversy is required 'only when the plaintiff contests, or the court questions, the defendant's allegation.'"). Moreover, Genpact's allegations regarding federal court jurisdiction, including the amount in controversy, **must be accepted as true** unless and until otherwise contested. *Accord Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87.

33.    As set forth below, and necessarily assuming that Plaintiff will prevail on each claim asserted in the Complaint, the compensatory damages, emotional distress damages, punitive damages, and statutory attorneys' fees sought by Plaintiff together establish that the amount in controversy exceeds $75,000.

### *Economic Damages*

34.    In her Complaint, Plaintiff alleges that she worked for Genpact from 2006 to 2008, then again starting in 2010 as a Compliance Manager. Exh. A (Complaint), ¶ 6. Plaintiff further alleges that Defendants wrongfully terminated her

employment on December 14, 2023, which she contends was due to her sexual orientation and in retaliation for her complaints of discrimination. *Id.*, ¶¶ 6–11.

35.   The Complaint avers that, as a result of Defendants' alleged conduct, Plaintiff has suffered various damages, including economic damages, among them, lost earnings, wages, and benefits. *See id.*, ¶ 17.

36.   Notably, the amount in controversy is not limited to damages incurred prior to removal. Instead, as the Ninth Circuit has held, the amount in controversy calculation properly includes lost wages incurred ***after the time of removal*** where, as here, they are expressly prayed for in the operative pleading. *See Chavez*, 888 F.3d at 417–418 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant). Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial. *See, e.g.*, *Walker v. Aetna Health & Life Ins. Co.*, 2021 WL 2661449, at *8 (E.D. Cal. June 29, 2021) ("Defendants are correct that the amount in controversy calculation properly includes lost wages through trial, since a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction'"); *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *4 (C.D. Cal. Dec. 3, 2018) (one year of post-removal lost earnings accepted as "date of trial" estimate and held to be properly included in amount in controversy); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *3–4 (E.D. Cal. Sept. 11, 2013) (post-removal lost earnings through trial properly included in amount in controversy).

37.   At the time her employment was terminated, Plaintiff was a full-time employee and her annualized salary, according to Genpact's records, was $73,660.08 ($1,416.54 per week), not including bonuses, commissions, or other

200392595.4

14

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

benefits.[4] Plaintiff's employment terminated on December 14, 2023, which is approximately 60 weeks prior to this removal. Based on her weekly salary, Plaintiff's past lost wages for the amount in controversy are conservatively estimated at **$84,992.40** ($1,416.54/week × 60 weeks), which alone exceeds the jurisdictional threshold.

38.    Genpact further estimates Plaintiff will have future lost wages (which her Complaint seeks) for only a period of six additional months (or 26 workweeks), from the date of this Notice through August 7, 2025. Based on this estimate, and without calculating any additional lost wages through trial that Plaintiff is expressly seeking, the amount in controversy on Plaintiff's future lost wages claim from February 7, 2025 through August 7, 2025 is **$36,830.04** ($1,416/week × 26 weeks), exclusive of any bonuses, commissions, or other benefits.

39.    Consequently, without including future lost wages beyond August 5, 2025, the amount in controversy on Plaintiff's prayer for past and future lost wages from February 5, 2025 to August 5, 2025 is conservatively and reasonably calculated to be **$121,822.44** ($84,992.40 [past lost wages] + $36,830.04 [future lost wages]).[5]

---

[4] If challenged, Genpact expressly reserves, and does not waive, its right to supplement and/or amend its removal submissions with such additional items that would **_increase_** the amount in controversy. *See Arias*, 936 F.3d at 922 ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions'…."); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534–535 (9th Cir. 2012) (holding court erred in refusing to consider evidence of amount in controversy submitted *after* removal in response to a remand motion).

[5] These figures are **_extremely_** conservative and, in fact, **_severely_** underestimated because, as the Ninth Circuit has made clear, lost wages are calculable **_after the time of removal and/or through the time of trial_**, and here, Genpact is only relying on Plaintiff's purported lost wages through August 5, 2025, i.e., **_less than 20 months, or roughly 86 weeks_**, after Plaintiff's alleged termination date. *See, e.g., Zamudio v. Aerotek, Inc.*, 2022 WL 458059, at *3 (E.D. Cal. Feb. 15, 2022) (denying remand and accepting calculation of **_160 weeks_** of post-removal lost

***Emotional Distress Damages***

40.    Plaintiff also seeks to recover "general damages" and "compensatory damages," which include "pain and suffering, humiliation, embarrassment, mortification, and emotional distress, all in an amount to be proven at trial." Exh. A (Complaint), ¶¶ 18, 23, 29, 39, and 47, and at p. 9.

41.    Emotional distress damages are appropriately considered by the Court in determining whether the amount in controversy is satisfied for purposes of removal. *Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons*, 209 F. Supp. 2d at 1034. In *Kroske*, an age discrimination case, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount in controversy where the plaintiff's wage loss was only $55,000. 432 F.3d at 980. Accordingly, based on Plaintiff's Complaint and the estimate accepted by the Ninth Circuit in *Kroske* (a 2005 case that has not accounted for the inflation in the 20 years since its decision issued), Genpact conservatively estimates that the value of Plaintiff's emotional distress damages for her purported

---

wages through trial as appropriately included in amount in controversy calculation); *Thayer v. Securitas Sec. Servs. USA, Inc.*, 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021) (denying remand and holding removing defendant properly estimated lost wages from date of plaintiff's termination until date set for trial); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (remand denied; court held that one year of post-removal lost earnings accepted as "conservative estimate" in employment cases and to be properly included in amount of controversy); *Fisher*, 2018 WL 6323077, at *4 (one year of post-removal lost earnings accepted and held to be properly included in amount in controversy); *Chavez*, 888 F.3d at 417–418 (holding that lost wages incurred after removal were appropriately included in amount in controversy since they were claimed at the time the case was removed by defendant); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *4 (C.D. Cal. May 30, 2014) (removing defendant properly estimated lost wages for the estimated time between removal and trial); *Tiffany*, 2013 WL 4894307, at *3–4 (denying remand and accepting calculation of ***108 weeks*** of post-removal lost wages through date of trial as appropriately included in amount in controversy).

200392595.4

16

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

"severe emotional distress" if she were to prevail (as must be presumed for purposes of removal) would be ***at least* $\underline{\textbf{\$25,000}}$**.

### *Punitive Damages*

42.     Plaintiff also seeks "punitive" or "exemplary damages." Exh. A (Complaint), ¶¶ 20, 24, 30, 41, and 48, and at p. 10.

43.     The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount in controversy where they are recoverable as a matter of law. *See Gibson*, 261 F.3d at 945. District courts routinely find that "the potential for large punitive damage awards" in employment cases satisfies the $75,000 amount in controversy without even considering other damages. *See Simmons*, 209 F. Supp. 2d at 1033; *see also, e.g.*, *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *4 (E.D. Cal. Apr. 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial"); *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, at *4 (E.D. Cal. Oct. 19, 2009) (acknowledging million dollar punitive damages awards and denying remand in employment action, noting that "even a minimum award of punitive damages would satisfy the jurisdictional requirement"). Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims here, typically far exceed the $75,000 jurisdictional minimum ***on their own***. *See, e.g.*, *Lopez v. Bimbo Bakeries USA, Inc.*, No. A119263, 2009 WL 1090375, at *10–18 (Cal. Ct. App. Apr. 23, 2009) (affirming *$2 million* punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims).

44.     In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." While Defendants could easily utilize the 2:1 ratio that *State Farm* found to be "instructive," other courts in this district

have held that a 1:1 ratio between punitive damages and compensatory damages "provides a reasonable, if not 'conservative,' estimate for assessing punitive damages for purposes of calculating the amount in controversy." *See, e.g., Johnson*, 2023 WL 2713988 at *7. Using the smallest ratio of 1:1 (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the compensatory damages at issue in this action *as alleged in this Notice* (which do not include lost wages or employment benefits through trial), the *minimum* punitive damages award in this action is approximately **$146,822.44** ($121,822.44 [economic damages] + $25,000 [emotional distress damages]).

### *Statutory Attorneys' Fees*

45.    Plaintiff's Complaint also seeks statutory attorneys' fees in connection with her claims. *See* Exh. A (Complaint), ¶¶ 19, 25, 31, and 40, and at p. 10.

46.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the amount in controversy for purposes of removal. *Fritsch*, 899 F.3d at 794; *see Galt*, 142 F.3d at 1155–1156 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Indeed, "a court ***must*** include ***future*** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emphasis added).

47.    The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in discrimination and wrongful termination cases like this one should indicate that it is "more likely than not" that Plaintiff will seek an attorneys' fees award of ***at least*** **$75,000.00** if this case is litigated to judgment in a jury trial.[6] *See, e.g., Lopez,* 2009 WL 1090375, at *18–21 (affirming

---

[6] Given the other damages at issue in this action, even a minimal award of

200392595.4

18

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)

trial court's award of $1 million in attorneys' fees in wrongful termination action); *Crawford v. DirecTV, Inc.*, 2010 WL 5383296 (Cal. Super. Ct. Sept. 29, 2010) (awarding approximately $160,000 in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000). Likewise, based on its own past litigation experience, Genpact reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be well ***over* $75,000.00**.

48.     Notwithstanding the above, Genpact ***conservatively*** estimates that Plaintiff's statutory attorneys' fees to litigate this action through a jury trial would be ***at least* $30,000.00** ($300/hour × 100 hours) for purposes of calculating the reasonable amount in controversy. *See Crockett v. Wal-Mart Assocs., Inc.*, 2024 WL 516713, at *4 (E.D. Cal. Feb. 9, 2024) (using a "reasonable rate" of $300 per hour and "an appropriate estimate" of 100 hours to find that a reasonable estimate of attorneys' fees is $30,000); *Owuor v. Wal-Mart Assocs., Inc.*, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022) (finding that $30,000 ($300/hour × 100 hours) is a reasonable estimate of attorneys' fees in a single plaintiff discrimination case).

### *Summary of Amount in Controversy*

49.     Based on the foregoing, and excluding for purposes of this removal any overtime compensation, any lost employment benefits to which Plaintiff claims to be entitled, and any future lost wages beyond ***August 7, 2025***, the amount in controversy on Plaintiff's Complaint far exceeds the $75,000 jurisdictional threshold, as follows:

---

attorneys' fees would cause the amount in controversy to further exceed the jurisdictional minimum. *See, e.g.*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (using a "reasonable rate for employment cases" of $300 per hour and "an appropriate and conservative estimate" of 100 hours to find that attorneys' fees in that case could "reasonably be expected to equal at least $30,000").

| **Damages/Amounts Claimed** | **Amount in Controversy** |
|---|---|
| Past/Future Lost Wages (salary only) | $121,822.44 |
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages (1:1 ratio of compensatory damages) | $146,822.44 |
| Statutory Attorneys' Fees | $30,000.00 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$323,644.88** |

## VENUE

50.     Venue lies in this Court because the State Court Action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

51.     Nothing in this Notice is intended, or should be construed as, any express or implied admission by Genpact of any fact, of any validity of or merits to Plaintiff's claims, causes of action, or allegations, or of any liability for the same, all of which are expressly denied, or as any express or implied waiver or limitation of Genpact's rights, claims, remedies, or defenses in connection with this action (including, without limitation, challenges, defenses, rights, and claims relating to personal jurisdiction or service of process and issues related to the arbitrability of Plaintiff's claims), all of which are fully and expressly reserved.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

200392595.4

20

Accordingly, Genpact respectfully requests that the above-captioned action now pending in the Superior Court of the State of California for the County of Los Angeles be removed to this United States District Court for the Central District of California.

Dated: February 7, 2025                          **McGuirewoods LLP**


                                          By: /s/ Selwyn Chu
                                          _____
                                          Sabrina A. Beldner
                                          Selwyn Chu
                                          Attorneys for Defendant
                                          GENPACT LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On February 7, 2025, I served the following document(s) described as **DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

THE RUTTEN LAW FIRM, APC.      Attorneys for Tassy Rueweler
Howard Rutten
Guillermo Galindo                  *howard@ruttenlawfirm.com*
21860 Burbank Boulevard, Suite 340  *guillermo@ruttenlawfirm.com*
Woodland Hills, California 91367     *liz@ruttenlawfirm.com*

☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒    **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2025, at Los Angeles, CA.

_____
Matthew Whitney

200392595.4

22

DEFENDANT GENPACT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)