Case 2:25-cv-01023-FLA-DFM Document 1-1 Filed 05/16/25 Page 1 of 51 Page ID #:23
Case 2:24-cv-07884-ADR Document 1 Filed 09/12/24 Page 1 of 11 Page ID #:19

Exhibit A

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/28/2024 6:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

1  Howard Rutten (SBN 164820)
   howard@ruttenlawfirm.com
2  Guillermo Navarro Galindo (SBN 332931)
   guillermo@ruttenlawfirm.com
3  **The Rutten Law Firm, APC**
   21860 Burbank Boulevard, Suite 340
4  Woodland Hills, California 91367
5  Telephone: (818) 308-6915

6  Attorneys for Plaintiff
   Tassy Rueweler, an individual
7

8  **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES**

10 TASSY RUEWELER, an individual,                CASE NO. 24STCV07966

11     Plaintiff,                                 **COMPLAINT FOR:**

12     vs.                                        1. **Sexual Orientation Discrimination in Violation of Government Code § 12940(a));**
13 GENPACT, LLC., a New York Limited
   Liability Company; ANTARA                      2. **Failure to Take all Reasonable Steps to Prevent Discrimination in Violation of Government Code § 12940(k);**
14 CHATTERJEE, an individual; and DOES 1
   through 20, inclusive,
15                                                3. **Retaliation for Opposition to Practices Forbidden and/or Filing a Complaint Under the FEHA in Violation of Government Code § 12940(h));**
16     Defendants.
17                                                4. **Harassment Because of Sexual Orientation; and**
18     *UNLIMITED CIVIL CASE*
                                                  5. **Wrongful Termination in Violation of Public Policy**
19     *Amount in controversy > $35,000*
20
21     ***JURY TRIAL DEMAND***
22
23
24
25
26
27
28

1
COMPLAINT FOR DAMAGES

Exhibit A

Plaintiff, TASSY RUEWELER ("Plaintiff"), hereby complains against Defendants GENPACT, LLC, ANTARA CHATTERJEE, and DOES 1-20, inclusive, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is an individual over the age of eighteen years old and is a competent adult.

2. Defendants GENPACT, LLC. ("Defendant GENPACT"), a New York Limited Liability Company; and DOES 1 through 20, inclusive, were corporations, associations, partnerships, joint ventures, or other business entities or persons who at all times relevant employed Plaintiff while she resided and worked from within the County of Los Angeles. Defendants, through their agents and/or employees, unlawfully harassed Plaintiff and/or made unlawful employment decisions relating to Plaintiff while she resided and worked within the County of Los Angeles. The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will amend this complaint to insert said true names, identities, and capacities. Defendants DOES 1 through 20 were individuals and/or entities who engaged in the conduct alleged herein, are responsible for the damages suffered by Plaintiff, and/or were the aiders, abettors, affiliates, successors in interest, subsidiaries, divisions, departments, parent companies, agents, employees, partners, participants, members, volunteers, servants, representatives, persons providing services pursuant to a contract, independent contractors, joint-venturers, alter egos or other participants with and/or of the other Defendants named herein, and in doing the things hereinafter mentioned, were acting within the course and scope of said agency, employment, membership and/or other relationship or identity with said Defendants, and acted as and/or with the consent, ratification and permission of the other Defendants, and each of them. All Defendants herein, including all entity, individual and DOE Defendants, shall be collectively referred to throughout this complaint as "Defendant," or "Defendants," "defendant," and/or "defendants," as may be relevant.

3. Defendant GENPACT, LLC. purports to be a limited liability corporation existing

under New York law.

4. Defendant ANTARA CHATTERJEE is an individual currently residing in Budapest, Hungary. At all relevant times, said Defendant was a "supervisor" within the meaning of Government Code sections 12926(t) and 12940(j).

5. Defendants including, DOES 1 through 20, inclusive, at all times relevant herein, were entities and/or employers within the meaning of the California Fair Employment and Housing Act, Government Code sections 12900 et seq. ("FEHA"), including, but not limited to, section 12940.

**FACTUAL BACKGROUND**

6. Defendant is an international "professional services firm." Defendant Genpact originally hired Plaintiff in 2006, laid her off in 2008, then rehired her on or around September 1, 2010. Plaintiff worked for Genpact as a Compliance Manager for over a decade without issue.

7. In or around 2021, a new manager, Antara Chatterjee, started working for Genpact. Within a few months of meeting each other, this new manager found out that Plaintiff was part of the LGBTQ+ community and was married to a woman. The manager's response was to tell Plaintiff that she was a god-fearing woman.

8. From that point forth, Plaintiff experienced discrimination and harassment from her manager. This came in the form of verbal abuse, and public humiliation by criticizing her harshly in front of others and generally treating her differently than her heterosexual coworkers.

9. On or around September 2023, Plaintiff filed a complaint with Human Resources regarding the discrimination and harassment she faced on account of her sexual orientation. On or around September 29, 2023, Human Resources responded to her complaint and claimed that there was no evidence of discrimination.

10. After Plaintiff filed her complaint, her manager no longer communicated with her and instead opted to speak to her through another coworker. This was a significant departure from the regular phone calls they previously had.

11. As a result of Plaintiff's sexual orientation and her complaints of discrimination for such, Defendants terminated Plaintiff's employment on or around December 14, 2023.

12. Plaintiff has timely filed charges against Defendants with the California Department of Fair Employment and Housing (DFEH) and has received a Right-to-Sue letter from the Department regarding the employment-related claims asserted in this action. Accordingly, Plaintiff has fully exhausted all administrative remedies as to such claims and timely filed this action.

**FIRST CAUSE OF ACTION**
**FOR SEXUAL ORIENTATION DISCRIMINATION**
**(Government Code § 12940(a))**
**(Against Defendants GENPACT, LLC and DOES 1-20)**

13. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

14. The conduct of Defendants GENPACT, LLC and DOES 1-20, including but not limited to, verbally abusing and publicly humiliating Plaintiff by yelling at her with profanity in the presence of coworkers.

15. Defendant's conduct, including terminating Plaintiff was substantially motivated by her gender, sexual orientation, gender expression, and/or sex.

16. Defendant's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code § 12940(a), which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of sex, gender, gender identity, sexual orientation, and/or gender expression.

17. As a direct and legal consequence of Defendants' conduct, Plaintiff has and will suffer economic damages, including, but not limited to, lost earnings, wages, and benefits in an amount to be proven at trial.

18. As a direct and legal consequence of Defendants' conduct. Plaintiff suffered general damages including, but not limited to, pain and suffering, humiliation, embarrassment, mortification, and emotional distress, all in an amount to be proven at trial.

19. As a direct and legal consequence of Defendants' conduct. Plaintiff has incurred,

and continues to incur, attorney's fees and costs, which are recoverable pursuant to Government Code § 12965(b).

20. The above-described acts of Defendants, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294. Plaintiff requests an assessment of punitive damages against Defendants in an amount to be proven at time of trial.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO TAKE ALL REASONABLE STEPS
## TO PREVENT HARASSMENT AND/OR DISCRIMINATION
### (Government Code § 12940(k))
### (Against Defendants GENPACT, LLC and DOES 1-20)

21. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

22. In doing the things herein alleged, Defendants GENPACT, LLC and DOES 1-20 violated California's Fair Employment and Housing Act, including, but not limited to. Government Code § 12940(k), by failing to take all reasonable steps necessary to prevent harassment and/or discrimination from occurring as such conduct was known to and/or should have been known to defendants.

23. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

24. The above-described acts of Defendants, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice,

Case 2:25-cv-04010-ADS Document 1-1 Filed 05/08/25 Page 6 of 11 Page ID #:24
Case 2:24-cv-02841-ADS Document 1 Filed 04/07/25 Page 6 of 10 Page ID #:28

Exhibit A

fraud and/or oppression within the meaning of Civil Code § 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

25. As a proximate result of the foregoing conduct, which violated the provisions of Government Code section 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial.

### THIRD CAUSE OF ACTION
### FOR RETALIATION FOR OPPOSITION TO PRACTICES FORBIDDEN UNDER THE FEHA
### (Government Code § 12940(h))
### (Against Defendants GENPACT, LLC and DOES 1-20)

26. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph as though said paragraphs were set forth in full herein.

27. Pursuant to Government Code section 12940(h), it is unlawful "[f]or any employer. . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

28. Defendants GENPACT, LLC and DOES 1-20 took adverse action against Plaintiff, including, but not limited to, discriminating against and/or harassing her based on her sexual orientation. Plaintiff's opposition to Defendants' unlawful employment practices was a substantial motivating factor for Defendants' adverse employment action against Plaintiff. Plaintiff opposed Defendants' unlawful employment practices as alleged herein.

29. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

30. The above-described acts of Defendants, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a

conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

31. As a proximate result of the foregoing conduct, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**HARASSMENT IN VIOLATION OF GOVERNMENT CODE SECTION 12940(J)**
**(Against all Defendants)**

32. Plaintiff repeats and incorporates by reference each allegation in the preceding paragraphs as if set forth here in full.

33. In doing the things herein alleged, among other things, Defendants violated California's Fair Employment and Housing Act ("FEHA"), including, but not limited to. Government Code §12940(j), which makes it unlawful to harass an employee because of race, color, sex, gender, gender identity, gender expression and/or sexual orientation, including, but not limited to, within the meaning of Government Code §12926(r).

34. Defendant Antara Chatterjee's employers knew or should have known of the foregoing conduct and failed to take immediate and appropriate corrective action.

35. At all times relevant herein, Defendant Antara Chatterjee was a supervisor within the meaning of Government Code § 12926(t), making Defendants strictly liable for her conduct.

36. The discriminatory conduct alleged herein was so severe or pervasive as to alter the conditions of the working environment and create a hostile and abusive environment. Such conduct was unwanted, unwelcome and offensive to Plaintiff, and would have been offensive to a reasonable woman in Plaintiff's position.

37. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code §12940 (a), which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of sexual orientation.

Case 2:24-cv-07384-ADS Document 1-1 Filed 05/06/24 Page 8 of 11 Page ID #:26
Case 2:24-cv-07384-ADS Document 1 Filed 05/02/07 Page 10 of 11 Page ID #:30

Exhibit A

38. As a direct and legal consequence of Defendants' conduct, Plaintiff has and will suffer economic damages, including, but not limited to, lost earnings, wages, and benefits in an amount to be proven at trial.

39. As a direct and legal consequence of Defendants' conduct, Plaintiff suffered general damages including, but not limited to, physical injury, post-traumatic stress disorder, damage to her reputation, pain and suffering, humiliation, embarrassment, mortification, and emotional distress, all in an amount to be proven at trial.

40. As a direct and legal consequence of Defendants' conduct, Plaintiff has incurred, and continues to incur, attorney's fees and costs, which are recoverable pursuant to Government Code §12965(b).

41. The above-described acts of Defendants, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of California Civil Code §3294. Plaintiff requests an assessment of punitive damages against Defendants in an amount to be proven at time of trial.

**FIFTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against Defendants Genpact, LLC and DOES 1-20)**

42. Plaintiff repeats and incorporates by reference each allegation in the preceding paragraphs as if set forth here in full.

43. Discrimination against any person on the basis of sex, gender, gender identity, gender expression and/or sexual orientation contravenes fundamental and substantial public policy in the State of California. Every person in this state shall have the right and opportunity to seek, obtain, and hold employment without discrimination or abridgment on account of race, color, sex, gender, gender identity, gender expression and/or sexual orientation. It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest

Case 2:25-cv-04107-ADS Document 1 Filed 05/08/25 Page 9 of 11 Page ID #:27
Case 2:24-cv-10384-ADS Document 1-1 Filed 12/02/24 Page 10 of 59 Page ID #:31

Exhibit A

1 utilization of its capacities for development and advancement, and substantially and adversely
2 affects the interests of employees, employers, and the public in general. These policies are found
3 in the California Constitution, Article I, Section 8, the Fair Employment and Housing Act, and
4 other constitutional and/or statutory provisions or ethical rules or regulations enacted under
5 statutory authority.

6     44. Plaintiff faced harassing comments while at work as a result of her sexual
7 orientation. When she made a formal complaint, her manager singled her out and decided to no
8 longer communicate directly with her. As a result of her complaints about the harassment she
9 faced, Defendant terminated Plaintiff.

10     45. Plaintiff's termination by Defendants GENPACT, LLC and DOES 1-20, as alleged
11 herein, was in violation of the public policies alleged above.

12     46. As a direct and legal consequence of Defendants' conduct, Plaintiff has and will
13 suffer economic damages, including, but not limited to, lost earnings, wages, and benefits in an
14 amount to be proven at trial.

15     47. As a direct and legal consequence of Defendants' conduct, Plaintiff suffered
16 general damages including, but not limited to, physical injury, post-traumatic stress disorder,
17 damage to her reputation, pain and suffering, humiliation, embarrassment, mortification, and
18 emotional distress, all in an amount to be proven at trial.

19     48. The above-described acts of Defendants, including, but not limited to, by and
20 through their managing agents, officers or directors, were engaged in with a deliberate, cold,
21 callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a
22 conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice,
23 fraud and/or oppression within the meaning of the California Civil Code §3294. Plaintiff requests
24 an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.
25

26     WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for the
27 following:

28     1. For economic and compensatory damages according to proof;

| | | |
|---|---|---|
| 2. | For pre-judgment interest to the extent allowed by law; | |
| 3. | For attorney's fees in prosecuting this action, except on the Fifth Cause of Action; | |
| 4. | For costs of suit incurred herein; | |
| 5. | For punitive and/or exemplary damages in an amount necessary to punish Defendants; and | |
| 6. | For such other and further relief as the Court deems just and proper. | |

DATED: March 28, 2024        **The Rutten Law Firm, APC**

By: /s/ Howard Rutten
Howard Rutten
Attorneys for Plaintiff
TASSY RUEWELER

Case 2:25-cv-04010-AGR Document 1-1 Filed 05/02/25 Page 12 of 12 Page ID #:29
Case 2:24-cv-02894-AGR Document 1 Filed 04/08/24 Page 11 of 11 Page ID #:33

Exhibit A

|  |  |  |
|---|---|---|
| 1 | | **DEMAND FOR TRIAL BY JURY** |
| 2 | Plaintiff hereby demands a trial by jury. | |
| 3 | | |
| 4 | DATED: March 28, 2024 | **The Rutten Law Firm, APC** |

By: _____
Howard Rutten
Attorneys for Plaintiff
TASSY RUEWELER