## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand and Request for Attorney's Fees ("Motion") filed by plaintiff Tassy Rueweler ("Plaintiff") (Docket No. 11). Plaintiff challenges the Notice of Removal filed by defendant Genpact LLC ("Defendant") as an improper successive removal and as untimely under 28 U.S.C. §1446(b)(3). The Motion is full briefed. (Docket Nos. 11-14.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 24, 2025 at 1:30 p.m., is vacated, and the matter taken off calendar.

### I.   Background

The Complaint in this matter concerns allegations of employment discrimination and wrongful termination by Defendant, Plaintiff's former employer. The Notice of Removal filed by Defendant in this action on February 7, 2025, is the second time that Defendant has filed a Notice of Removal of Plaintiff's Complaint. Defendant filed its first Notice of Removal, in Case No. CV 24-3841 PA (AGRx), on May 8, 2024.

In the prior case, the Court held a Status Conference on May 14, 2024, during which it examined whether the Notice of Removal had adequately alleged a basis for the Court's subject matter jurisdiction. In the first Notice of Removal, Defendant alleged that Plaintiff ". . . at all relevant times . . .has been a resident of the State of California. . . .  Further, Defendants are informed and believe and thereon allege that Plaintiff's domicile is, presently in California and that Plaintiff intends to indefinitely and was at the time the Complaint was filed, a citizen of the State of California." (CV 24-3841 PA, Notice of Removal ¶ 11.) The Court, as an initial matter, that allegations of citizenship based on information and belief were insufficient. (CV 24-3841 PA, Docket No. 9 at p. 2.) Moreover, because Defendant's support for its allegation concerning Plaintiff's citizenship relied solely on evidence of residence, and because an individual is not necessarily domiciled where he or she resides, the Court concluded that Defendant's allegation was insufficient to plausibly allege Plaintiff's citizenship. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

At the status conference, Defendant's counsel was asked if Defendant had any evidence concerning plaintiff's citizenship and was given an opportunity to supplement the allegations in the Notice of Removal. Defendant proffered no additional sufficient facts or argument in support of the Court's exercise of subject matter jurisdiction over the action. (Id. at p. 3.) Plaintiff's counsel moved to remand the action to the Los Angeles County Superior Court based on Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the Notice of Removal. (Id.) The Court granted Plaintiff's Motion to Remand. (Id.)

After remand, Defendant propounded discovery to Plaintiff. Plaintiff served her Responses to the discovery on September 3, 2024. In those responses, Plaintiff admitted certain facts relating to her residence, including that: (1) Plaintiff has had a home address in California for past five years; (2) Plaintiff was born in California; (3) Plaintiff went to high school and one semester of community college in California; (4) Plaintiff's spouse lives with her in California; (5) Plaintiff's brother resides in California; (6) Plaintiff's primary care physician is located in California; and (7) Plaintiff worked in California from at least 2010 through 2023. On September 3, 2024, Plaintiff also responded to a document production request, and produced a record of a January 9, 2024 text message that states that she was looking for work in the Los Angeles area. (Docket Nos. 11-3 & 11-4.)

At her deposition on January 16, 2025, Plaintiff testified directly regarding her domiciliary intent, including that: (1) Plaintiff never resided or owned property anywhere other than California; (2) Plaintiff jointly owns and lives in a home in California with her spouse and stepchildren, who attend school in California; (3) Plaintiff only has a California Driver's License; (4) Plaintiff is registered to vote in California; (5) Plaintiff received California state disability benefits; (6) Plaintiff is only looking for work in California; and (7) Plaintiff has no intention of relocating to another state. (Docket No. 12-1.) Defendant received a certified copy of Plaintiff's deposition testimony on January 23, 2025.

Asserting that the certified transcript of Plaintiff's deposition testimony was a paper from which Defendant had notice that the case was removable, Defendant filed the second Notice of Removal on February 7, 2025. (Docket No. 1 at pp. 6-8.) Plaintiff's Motion to Remand contends that Defendant's second Notice of Removal is an impermissible "second removal" – an attempt to offer additional evidence to prove what it should have proven when Defendant filed the first Notice of Removal. (Docket No. 11 at pp. 5-7.) Plaintiff also argues that Defendant's Notice of Removal is untimely because it should have been filed within thirty days of Defendant's receipt of Plaintiff's discovery responses (on September 3, 2024). (Id. at pp. 7-9.) Plaintiff also requests attorney's fees. (Id. at pp. 9-10.)

## II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000 both at the time of the filing of the action and at time of removal. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

"The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D. Ariz. 1996)). The removal statute provides defendants with two thirty-day windows in which to remove a case. 28 U.S.C. § 1446(b)(1) & (3). Although generally "a proper removal notice must be filed within 30 days of service of the plaintiff's complaint," Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (citing 28 U.S.C. § 1446(b)), the thirty-day period for removal is not triggered if an initial pleading is not removable on its face. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

A plaintiff's response to deposition questions and a litigant's sworn discovery responses can constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 886-87 (9th Cir. 2010); Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998). If a notice of removal is untimely, a plaintiff may move to remand the case back to state court. See 28 U.S.C. §§ 1447(c), 1453(c)(1); Carvalho, 629 F.3d at 885; Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1191–92 (9th Cir.2003).

### III. Analysis

#### A. Successive Removal

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. Utiliquest, LLC, 13-CV-4466, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014). "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'" Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction). "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal." Sweet v. United Parcel Serv., Inc., CV 19-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

Here, the second Notice of Removal was based on information not available at the time of the prior removal. As discussed above, after this case was remanded, Defendant conducted discovery by requesting responses to form interrogatories and documents and deposing Plaintiff. The information disclosed in the discovery responses and at Plaintiff's deposition was not available to Defendant at the time of the first removal. The second Notice of Removal – based on this new information – thus presents a different factual basis for removal than what was originally asserted. See Robin Invs., Inc. v. Shkolnik, CV 13-4136 MMM (MANx), 2013 WL 12114446 at *2-3 (C.D. Cal. July 13, 2013) ("A second removal, however, must be on grounds either factual or legal, that are different from those asserted in the first removal.")

Moreover, as the Court previously concluded, because the Complaint only alleged Plaintiff's residence, Defendant's later receipt of evidence of Plaintiff's domiciliary intent opened a second thirty day window for Defendant to file the second Notice of Removal under 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

U.S.C. § 1446(b)(3). See Cioffi v. Solomon, Case No. C-14-04139-RMW, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014) (citing Harris, 425 F.3d at 695) ("Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it only disclosed plaintiff's residency, not his citizenship. . . .[T]he second window for removal began when plaintiff filed an opposition in state court admitting plaintiff's California citizenship.") The Court therefore rejects Plaintiff's contention that the second Notice of Removal was an impermissible successive removal.

### B. Timeliness of Removal

Plaintiff also contends that Defendant's second removal was untimely. "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)." Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021). The dispute here concerns when the removal clock began to run. Plaintiff argues that the removal is untimely because her September 3, 2024 discovery responses contained sufficient evidence of Plaintiff's domiciliary intent to make the case removable. (Docket No. 11 at pp. 7-8.) Defendant, however, argues that the second Notice of Removal is timely because it was filed within 30 days of Plaintiff's sworn deposition testimony regarding her intent to remain in California (Docket No. 12 at pp. 11-13.)[1]

Applying the "unequivocally clear and certain" standard in this case, the Court concludes that Plaintiff's domiciliary intent was not "unequivocally clear and certain" until after the January 16, 2025 deposition testimony. Satisfying the "unequivocally clear and certain" standard is a "high bar." Blumberger v. Tilley, 115 F.4th 1113, 1122 (9th Cir. 2024) (quoting Dietrich, 14 F.4th at 1094.) The Court has considered the evidence in this case, and concludes that although Defendant may have had sufficient information to remove the case in September 2024, Plaintiff's citizenship was not "unequivocal and certain" until Plaintiff testified about her intent to remain in California at her deposition. Thus, even if Defendant could have removed the case after receiving the September 2024 discovery responses, Defendant was not obligated to do so until after Plaintiff's deposition testimony. See Dietrich, 14 F.4th at 1094 (distinguishing

---

[1] Defendant's Notice of Removal alleges that the removal is based on the date it received a copy of Plaintiff's certified deposition transcript. The proper date to consider, however, is the date Plaintiff answered questions at her deposition, January 16, 2025, and not the date Defendant received the transcript. See Carvalho, 629 F.3d at 886-887 ("In any event, we agree with the district court that . . . [Plaintiff's] . . . deposition testimony triggered the second thirty-day removal period."). In any event, the removal (on February 7, 2025) was within thirty days of both of these dates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1072 PA (AGRx) | Date | March 19, 2025 |
|---|---|---|---|
| Title | Tassy Rueweler v. Genpact LLC, et al. | | |

difference between "facts sufficient to *allow* removal with facts sufficient to *require* removal"). Accordingly, the Court concludes that Defendant's second Notice of Removal was timely under 28 U.S.C. § 1446(b)(3).

## Conclusion

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand and Request for Attorney's Fees.

IT IS SO ORDERED.